UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF | U.S. COURTHOUSE |
|---|---|
| ZAHID N. QURAISHI | 402 EAST STATE STREET, ROOM 4000 |
| UNITED STATES DISTRICT JUDGE | TRENTON, NJ 08608 |

November 4, 2025

## LETTER ORDER

**Re:** *United States v. Stankovits*, Crim No. 25-268

Dear Counsel:

This matter comes before the Court upon a Pre-Trial Motion ("Motion") filed by Defendant Steven D. Stankovits ("Defendant") on September 17, 2025. ("Mot.", ECF No. 19.) In the Motion, Defendant: (1) moves for a Bill of Particulars; (2) requests the retention of notes taken by government agents during the government's investigation in this case[1]; (3) requests the disclosure of the identity of all witnesses; and (4) requests permission to file additional motions. The Government filed an Opposition on October 1, 2025. ("Opp.", ECF No. 20.) For the reasons explained below, the Court will **DENY** Defendant's Motion.

On November 25, 2024, the Government filed a complaint against Defendant. (ECF No. 1.) Six months later, on April 25, 2025, the Government filed an Indictment, charging Defendant with four counts of wire fraud (Counts I-IV) and one count of making a false statement (Count V). (ECF No. 11.) The crux of the Indictment alleges that Defendant defrauded the Social Security Administration by lying about a physical disability and his employment history so that he could obtain benefits under the Disability Insurance Benefits ("DIB") program. (*Id.* at ¶7.) According to the Government, to be eligible for the program, an individual needed to show evidence of a disabling condition, and an individual's work activity could impact their eligibility or the amount of benefits the individual received. (*Id.* at ¶5.) A jury trial is currently scheduled for March 2, 2026. (ECF No. 17.)

### A. Bill of Particulars

First, Defendant argues that the Government should be required to file a bill of particulars. (Mot. at 2.) "A bill of particulars is a formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor," the purpose of which is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (citation modified). Only if the

---

[1] This request is **DENIED** as moot because the Government agrees to preserve rough notes. (Opp. at 4.)

1

indictment fails to perform those functions will a bill of particulars be issued.  *Id.*

Defendant argues that the Indictment does not give any "insight into the nature of [the] alleged untruthful information" or mention how his alleged work activity "was substantial gainful work activity" as is required by the DIB program.  (Mot. at 4.)  However, the Indictment specifically alleges that Defendant worked in the funeral industry from February 2007 to 2019, despite Defendants statements to the SSA that he had been unemployed during that time frame.  (ECF No. 11 ¶8.)   The Complaint further explains how Defendant was a 50% partner in Spotswood Funeral Home, which "made enough money to pay off an approximate $300,000 to $400,000 mortgage and contribute $350,000 to $450,000 to building renovations."  (ECF No. 1 at 7.)  Moreover, Defendant allegedly owned another funeral home during that same period.  (*Id.*)  Thus, it is simply not true that the Indictment is unclear about the "substantial gainful activity" Defendant allegedly engaged in.

Defendant further argues that "the government has not indicated what if any of [his] documented medical conditions and injuries are being untruthfully reported."  (Mot. at 4.)  In response, the Government argues that it "does not expect its proofs at trial to include a line-by-line rebuttal of the ailments [Defendant] asserted in May 2010," and that Defendant "is not entitled to any further disclosure at this stage."  (Opp. at 4.)  The Court agrees that the Government does not need to "commit itself to a specific version of the facts before it is in a position to do so." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989).  Indeed, a bill of particulars is "intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation."  *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (citation modified).  The Indictment undoubtedly does that.  Defendant is aware that the alleged scheme occurred between November 2007 to January 2022, that Defendant claimed he had a spinal cord injury, and that he claimed to have been unemployed.  (ECF No. 11 ¶ 8.)  Based on that information, Defendant can certainly conduct his own investigation and prepare a defense. *See United States v. Lacerda*, Cr. No. 12-303, 2013 WL 3177814, at *15 (D.N.J. June 19, 2013) (holding that a list of "any and all false and fraudulent statements" was beyond the scope of a bill of particulars).  Accordingly, Defendant's motion for a bill of particulars is **DENIED**.

### B.  Disclosure of Confidential Information

Next, Defendant requests the disclosure of the identity of, and information related to, any witness, regardless of whether the Government intends to call that witness at trial.  (Mot. at 5–7.)  Here, the Government acknowledges that it has obligations under *Giglio,* the Jencks Act, and Rule 16 to disclose various information.  (Opp. at 5.)  To the extent Defendant requests information that the Government already plans to produce, his request is **DENIED** as moot.

However, Defendant is also seeking the identity of any confidential witness, "regardless of whether or not they intend to call such a witness at trial."  (Mot. at 3.)  But the Court cannot ascertain whether disclosure is warranted because Defendant has not put forth any basis or showing for why disclosure is needed.  *See United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981) ("[T]he first step in determining whether the identity of an informant must be disclosed is to ascertain what need, if any, the defendant has alleged for disclosure.").  Rather, Defendant has only made a

generalized and broad request, without even discussing any specific witness that he would like the identity of.  Such speculative and generalized requests are insufficient to justify disclosure.  *See United States v. Bazzano*, 712 F.2d 826, 839 (3d Cir. 1983).  Accordingly, Defendant's request will be **DENIED**.

### C.  Additional Pre-Trial Motions

Defendant's final request is that he be permitted to file additional pre-trial motions if additional discovery is produced or uncovered. (Mot. at 7.)  Here, the parties agreed to a scheduling order which set the deadlines for pre-trial motions, and the Court finds no reason to depart from that order at this time.  To the extent Defendant wishes to file another pre-trial motion, he can seek leave of the Court to do so.  *See* Fed. R. Crim. P. 12(b)(c)(2).  Accordingly, Defendant's request is **DENIED**.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**